McCROSKY et v PEOPLES SAVINGS CO et

Ohio Appeals, 9th Dist, Summit Co
Nos 1768, 1786, 1787. Decided June 3, 1930

Jonathan Taylor and Carl D. Sheppard, both of Akron, McCrosky et.

Herberick, Weick & Powers, Akron, for Peoples Sav & Ln Co et.

**PER CURIAM** ·

While said plaintiffs in error excepted to the rulings of the court on said motions, there was no exception to the entry of said judgments and decrees, and there is no bill of exceptions showing the evidence upon which the judgments and decrees or the rulings of the court on said motions were made and entered.

Although there is no bill of exceptions, it is urged that the record exhibits a fatal defect in said judgments and decrees and that the court committed error in refusing to grant said defendants relief by reason thereof.

The claim is that the court was without jurisdiction because one of the judgments entered was for an amount slightly in excess of the amount claimed in the pleadings.

It seems that the mortgage, as alleged in the pleadings, authorized the mortgagee to pay certain insurance and provided that the repayment of the same should be secured by said mortgage, and that after the petition was filed, the claim under the mortgage was increased by reason of payments for insurance, but no supplemental pleading was filed setting forth such payments after suit was begun.

The journal entry recites that "this cause came on to be heard on the pleadings and the evidence, and on arguments of counsel was submitted to the court without the intervention of a jury, having been regularly assigned for trial," and also that the plaintiffs in error who are now seeking to reverse said judgments and decrees were in default for answer to said pleadings and that by reason thereof they confessed the allegations of said pleadings to be true.

In the journal entry the court correctly found the amount due on the note which the mortgage was given to secure, and also separately found the amount which had been paid for said insurance, which had been paid subsequently to the filing of said pleadings, and decreed a foreclosure of the mortgage and ordered the premises sold; the amount due on the note was $27,040.88 and interest, and the amount paid for insurance was $393.60, and the personal judgment which was entered was for the total of the two—$27,434.48.

Under the pleadings it was proper to consider said insurance payment, although made after the suit was begun, in determining the amount secured by the mortgage, but the circumstances did not warrant the including of said insurance payment in the personal judgment that was rendered, unless the plaintiffs in error against whom the judgment was rendered were present or represented at the trial, at which the entry shows evidence was taken. For the purpose of disposing of this matter, we are assuming that said plaintiffs in error were not present or represented at the trial, because the entry recites that they were in default and that they thereby confessed the allegations of the pleadings to be true, although the better way of establishing that fact would be by a bill of exceptions.

As has been said, the claim is made that the including of the amount of insurance paid in the personal judgment that was rendered, vitiated not only the personal judgment but the finding of the court as to the amount due under the mortgage and the decree of foreclosure.

We have considered the authorities cited and the arguments made in reference to this claim, and have reached the conclusion that the court was not without jurisdiction and that the judgment and decree should not be treated as a nullity. Had the matter been called to the attention of the court in the motion attacking the judgment (which was not done), the court was clothed with ample authority to correct the amount of the personal judgment rendered by reducing the same to the amount due upon the note. Said matter was not called to the attention of the trial court nor even referred to in the brief filed in this court, but was mentioned for the first time in oral argument in this court, at which time counsel for defendants in error offered to remit from the personal judgment said amount paid for said insurance, and offered to consent to a modification of said personal judgment accordingly.

We think that under the circumstances of this case this court has the power to so modify said personal judgment and that in any event the record does not disclose any error in the proceedings of the trial court in its finding of the amount which was secured by the mortgage and in foreclosing the mortgage and ordering the premises sold.

The defendants in error agreeing thereto, said personal judgment is modified by reducing the same to $27,040.88, with inter-

est, and as so modified, said judgment, the decree of foreclosure, and the proceedings of the Common Pleas Court, are affirmed.

Funk, PJ, Pardee, J, and Washburn, J, concur.